MR. CHIEF JUSTICE HODGES
delivered the opinion of the Court.
This is an original proceeding in which the petitioner, James Hemp-hill, seeks a writ directing the respondents to allow the warden of the Denver County jail to exercise his discretion in deducting good time from the petitioner’s sentence. We issued a rule to show cause, and ordered the release of the petitioner pending review of the issue presented. We now make the rule absolute.
The petitioner was convicted of a class three misdemeanor and sentenced to the Denver County jail for a term of six months “flat.” After five months, the petitioner had accumulated enough good time to permit his immediate release were it not for the trial court’s “flat” time sentence.
A convicted defendant’s punishment is discretionary with the trial court within statutory limits. People v. Pauldino, 187 Colo. 61, 528 P.2d 384 (1974); People v. Jones, 176 Colo. 61, 489 P.2d 596 (1971). Section 17-26-109, C.R.S. 1973 (1978 Repl. Vol. 8) provides that “[ejvery person who is sentenced to and imprisoned in any county jail of this state . . . and who performs faithfully the duties assigned to him during his imprisonment therein is entitled to a deduction from the time of his sentence of two days in each month.” It is not within the power of the sentencing court to impose a sentence which denies to'one imprisoned in the county jail the benefits of this statute. The obvious effect of this statute is to proscribe the imposition of a “flat” time sentence which denies a defendant his statutory right to a reduction from the time of his sentence for good behavior. The so-called “flat!’ sentence imposed here has no statutory meaning or validity.
The rule is made absolute.
MR. JUSTICE CARRIGAN does not participate.